United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 04-41423
USDC No. 7:04-CR-439-ALL

——————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN BAUTISTA FLORES-HERNANDEZ,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Southern District of Texas

--------------------

Before REAVLEY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Juan Bautista Flores-Hernandez appeals his illegal reentry
conviction and sentence. The Government concedes that the
district court's 16-level enhancement pursuant to U.S.S.G.
§ 2L1.2(b)(1)(A)(i) (2003), was plainly erroneous because the
sentence imposed following Flores's 2002 state conviction for
possession of a controlled drug with intent to distribute did
not exceed 13 months. See U.S.S.G. § 2L1.2(b)(1)(A), comment.
(n.1); U.S.S.G. § 4A1.2(b)(2). Flores's sentence is therefore

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

VACATED and the case REMANDED for resentencing.  Flores acknowledges that the remand resulting from the guidelines-application error renders moot the issue whether his sentencing under the mandatory guidelines regime necessitates a remand under United States v. Booker, 125 S. Ct. 738 (2005).

Flores concedes that the issue whether 8 U.S.C. § 1326(b)(1)&(2) were rendered unconstitutional by Apprendi v. New Jersey, 530 U.S. 466 (2000), is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and he raises it solely to preserve its further review by the Supreme Court. Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  We therefore must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.